†John Webb, Jr., v. Philip Roettinger.

1. **Administrator de bonis non May Sue upon Former Administrator's Bond.**
   An administrator *de bonis non* may sue on the bond of a former administrator, notwithstanding there are no outstanding debts against the estate.

2. **That Assets are Life Insurance, Payable to the Administrator, does not Alter the Case.**
   The fact that the assets are life insurance money, payable to the administrator, by the terms of the policy, does not alter the case.

3. **Interest on Administrator's Bond may be Recovered from Demand on Sureties.**
   Interest may be recovered on an administrator's bond from the time demand is made on the sureties.

Error to the Court of Common Pleas of Hamilton county.

Smith, J.

In this case we are of the opinion that Roettinger, as administrator *de bonis non* of the estate of Mrs. Rebecca J. Mack, deceased, was authorized to bring an action upon the bond which had previously been given by James Mack, as administrator of the estate of Mrs. Mack (and who, as administrator of the estate of his wife, had received a large sum of money belonging to her estate, but who had died without filing any account as such administrator, with a large sum of money in his hands belonging to such estate), and to recover from his estate and from the sureties on his bond, as for a breach of the conditions thereof, a judgment for the amount belonging to the estate in the hands of said James Mack, at the time of his death, (less any proper credits to him) with interest thereon from the time that proper demand was made therefor by the administrator *de bonis non;* the amount of the judgment not to exceed the penalty of the bond, with interest on the amount of the penalty from the time of the demand until the rendition of the judgment; and that this is the case, although the fact is, that when the suit was brought, there were no outstanding debts against such estate, and the amount found to have been in the hands of the late administrator would be payable, after payment of the costs and expenses of administration, to the distributees of the estate of Mrs. Mack. The fact that a part of the amount found to be in the hands of the late administrator at the time of his death was the proceeds of a policy of insurance on the life of Mrs. Mack, taken out by her in her lifetime, and which, by the terms of the policy, if not paid to her in her lifetime, was to be paid to her executors, administrator or assigns, and which, in fact, was received by her administrator after her death, would not alter the case. This money, when so received by the administrator, became assets in his hands and was covered by the bond, and a failure by him to pay it to the persons entitled thereto was unfaithful administration and a breach of the bond.

We further find that there was no release of the sureties by the distributees

---

†This judgment was affirmed by the Supreme Court without report, January 12, 1897; 15 O. S., 686.

on the facts set out in the bill of exceptions, and that the court did not err in overruling the motion for a new trial, or in entering the judgment in the case which was entered.

The judgment will therefore be affirmed.

*Wright & Wright* and *Burch & Johnson*, for the sureties.

*Robert S. Fulton*, for the present administrator.